IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Company,<br><br>Plaintiff,<br><br>vs.<br><br>MARK HUELSKAMP, an individual,<br><br>Defendant. | CV 22-145-M-KLD<br><br>ORDER |
| MARK HUELSKAMP, an individual,<br><br>Counterclaimant,<br><br>vs.<br><br>STATE FARM FIRE AND CASUALTY COMPANY, an Illinois Company,<br><br>Counter-Defendant. | |

This matter comes before the Court on Defendant-Counterclaimant Mark Huelskamp's Motion to Stay Proceedings. (Doc. 31). Huelskamp seeks to stay these proceedings pending resolution of the Montana Supreme Court's decision in the underlying state action and all further proceedings on remand. *See Olds v. Huelskamp*, Supreme Court of the State of Montana, No. DA 23-0200. For the

reasons set forth below, the Court grants the motion to stay pending a decision by the Montana Supreme Court.

I. Background

This case arises out of a complaint ("Underlying Complaint") filed by Matthew Olds ("Olds") against Mark Huelskamp ("Huelskamp") in the Montana Fourth Judicial District Court, Missoula County, No. DV-19-1036 ("Underlying Suit"). (Doc. 1-3). The Underlying Complaint alleges that on July 18, 2018, Huelskamp "flipped off" Olds after the two men drove past each other on Horseback Ridge Road in Missoula, Montana. (Doc. 1-3, ¶ 7). After both men came to a stop, Huelskamp exited his vehicle and approached Olds' vehicle, pointing a pistol at Olds' face. (Doc. 13 at 7). Olds subsequently "chided [Huelskamp] for pointing the pistol at him," and Huelskamp "struck Olds in the face with his fist." (Doc. 13 at 7). The Underlying Complaint alleges three causes of action: (1) negligence; (2) assault and battery; (3) actual malice; and (4) negligent infliction of emotional distress. (Doc. 1-3, ¶¶ 11–24).

After the incident, Huelskamp was charged with and pleaded guilty to misdemeanor assault in the Justice Court of the State of Montana, in and for the County of Missoula, No. CR-2018-787. (Doc. 13, ¶ 15). Huelskamp was fined and sentenced to six months in jail, both of which were suspended and deferred pending Huelskamp's compliance with the terms of a plea agreement. (Doc. 13, ¶

18). On May 29, 2019, the Justice Court ordered Huelskamp's guilty plea withdrawn, a plea of not guilty entered, and the case dismissed. (Doc. 13, ¶ 19).

At a November 2021 jury trial, the jury found Huelskamp liable for assault, battery, and actual malice. (Doc. 13, ¶¶ 22–23). As a result of this finding, the Special Verdict form instructed that the jury skip the question regarding negligence. (Doc. 13, ¶ 24). On March 3, 2023, the Montana Fourth Judicial District Court entered judgment against Huelskamp for $10,500 in reduced compensatory damages, $13,700 in reduced punitive damages, and $91,300 in attorney fees. (Doc. 32 at 4).

Huelskamp is the named insured under a State Farm Homeowners Policy (the "Homeowners Policy") and an Umbrella Policy (the "Umbrella Policy"), effective December 26, 2017–December 26, 2018. (Doc. 13, ¶¶ 3, 9). State Farm defended Huelskamp at the November 2021 jury trial under a full reservation of rights. (Doc. 13, ¶ 28). The Homeowners Policy provides coverage for "bodily injury" caused by an "occurrence", defined in relevant part as "an accident." (Doc. 13, ¶¶ 2, 4). The Umbrella Policy provides coverage for a "loss", similarly defined in relevant part as "an accident." (Doc. 13, ¶¶ 7, 9). Both the Umbrella Policy and Homeowners Policy exclude "bodily injury" "which is either expected or intended by" or "which is the result of willful and malicious acts of" the insured. (Doc. 13, ¶¶ 8, 15). Lastly, the Umbrella Policy excludes coverage for "personal injury when

the insured acts with specific intent to cause any harm." (Doc. 13, ¶ 15).

On April 3, 2023, Huelskamp appealed the state district court's Combined Order on Motions in Limine, Order on Defendant's Motion for Judgment as a Matter of Law or for Rule 59 or Rule 60 Relief, and the Court's verbal rulings precluding expert witness testimony on Huelskamp's justifiable use of force defense. (Docs. 31 at 2; 32-A). On April 14, 2023, Olds cross-appealed the jury's Special Verdict, the Punitive Damages Verdict Form, the Court's Order Reducing Compensatory Damages, the Court's Order on Reasonable Attorney Fees, and the Court's Order Reducing Punitive Damages. (Doc. 32-B). Briefing before the Montana Supreme Court is underway, and Olds' Cross-Appellant Reply Brief is due December 18, 2023. *See Olds v. Huelskamp*, Supreme Court of the State of Montana, No. DA 23-0200.

On April 3, 2023, State Farm filed the current action seeking declaratory judgment relating to its duty to defend and indemnify Huelskamp in the Underlying Suit. (Doc. 20). On May 12, 2023, State Farm filed a Motion for Summary Judgement. (Doc. 22 at 5). Huelskamp's Motion to Stay followed. (Doc. 31).

## II. Legal Standard

The district court's inherent power to stay is governed by *Landis v. North American Co.*, 299 U.S. 248 (1936). Under *Landis*, "[t]he power to stay

proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." 299 U.S. at 254. A party seeking a *Landis* stay "must make out a clear case of hardship or inequity in being required to go forward, if there is even a fair possibility that the stay for which he prays will work damage for someone else." *Landis*, 299 U.S. at 255. The Ninth Circuit directs that a stay is favored where (1) it would not be indefinite, (2) the plaintiff seeks only monetary damages, (3) resolution of the issues in the underlying action would assist with resolution of issues in the current action, and (4) it would promote docket efficiency and fairness to the parties. *McCollough v. Minn. Lawyers Mut. Ins. Co.*, 2010 WL 441533, *4 (D. Mont. Feb. 3, 2010) (citations omitted).

### III. Discussion

#### A. Whether the stay would be indefinite in nature

The Ninth Circuit instructs that a stay "should not be indefinite in nature" and "should not be granted unless it appears likely the other proceeding will be concluded within a reasonable time in relation to the urgency of the claims presented to the court." *Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007). State Farm contends that the requested stay depends on "at least nine potential contingent events", including the outcome of the appeal, a potential new trial, any pre- and post-judgment motions, and any

subsequent appeal. (Doc. 38 at 9). These events, State Farm argues, are "not only uncertain but might not occur for years." (Doc. 38 at 9). Huelskamp counters that a stay here is not of the "indefinite in nature" variety criticized in *Dependable Highway*. (Doc. 32 at 11). In *Dependable Highway*, the district court failed to provide a specific deadline as to when the stay would terminate, and although nearly two years had passed since the district court ordered the stay, the underlying proceedings had not yet commenced. 498 F.3d at 1066–67.

The Court finds that a stay limited to a decision by the Montana Supreme Court is not too indefinite as to run afoul of *Landis* and *Dependable Highway.* As previously noted, Olds' Cross-Appellant Reply Brief is due December 18, 2023; presumably, the Montana Supreme Court will thereafter reach a decision "within a reasonable time." *See McCollough*, 2010 WL 441533, *5. However, in light of the above, the Court declines to extend the stay to any subsequent proceedings at this time. Therefore, this factor weighs in favor of a stay.

### B. Whether the stay seeks only monetary damages

Stay orders are more appropriate where a party seeks only monetary damage, as a stay would result in a delay of monetary recovery. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005). Here, Huelskamp acknowledges that State Farm seeks only declaratory relief. (Doc. 38 at 13). Therefore, this factor weighs against the stay.

### C. Whether the stay will assist with resolution of current case

A *Landis* stay may be appropriate where there are independent proceedings which bear upon the case. *Leyva*, 593 F.2d at 863–64. "This remains true even when the federal court is not bound by the findings and conclusions drawn from the related proceeding, so long as the related proceeding provides valuable assistance to the federal lawsuit." *Integon Preferred Ins. Co. v. Camacho,* 2018 WL 6620342, *12 (E.D. Cal. Dec. 18, 2019) (citing *Lockyer*, 398 F.3d at 1111).

State Farm cites *Farmers Union Mut. Co. v. Staples*, 90 P.3d 381, 385–86 (Mont. 2004) and *Landa v. Assurance Co.*, 307 P.2d 284, 290 (Mont. 2013) for the proposition that its duty to defend can be determined solely by facts and admissions on the record. (Doc. 38 at 15). The record, State Farm argues, offers "unequivocal evidence that Huelskamp acted with intent in a manner that objectively would be expected to injure Mr. Olds such that there is no 'occurrence' or 'loss'" as contemplated by the Policies. (Doc. 38 at 16). However, the question in *Staples* and *Landa* was whether the insurer had a duty to defend or indemnify its insured—not, as here, a motion to stay such proceedings pending a related state action.

Huelskamp directs this Court to *Lockard*, 2018 WL 9618463, *8, where the court granted a motion to stay in part "because the outcome of the Underlying Action is unknown at this time, granting a stay will save both parties considerable

resources." (Doc. 32 at 8). Like *Lockard,* Huelskamp argues, State Farm's summary judgment motion "rises and falls on Huelskamp having engaged in intentional conduct and having done so maliciously." (Docs. 32 at 10; 39 at 5). The Court agrees. If the Montana Supreme Court reverses and orders a new trial, a second jury may hear evidence that compels a different verdict, likely implicating State Farm's duty to defend and indemnify. In any event, as Huelskamp notes, "[i]t would produce a bizarre result if the Court made a factual finding that later conflicted with the findings of a second jury in the state case." (Doc. 39 at 9). It is in the interest of the Court and parties to avoid "potentially inconsistent rulings." *Zurich American Ins. Co.*, 2019 WL 570760, *6. Therefore, because the Court finds that a stay will assist with resolution of the declaratory judgment action, this factor weighs in favor of a stay.

### D. Docket efficiency and fairness to the parties

A district court may impose a stay if it is "efficient for its own docket and the fairest course for the parties[]". *Leyva*, 593 F.2d at 863–64. State Farm argues the requested stay is prejudicial because it requires State Farm to continue paying what it considers uncovered defense fees in the Underlying Suit. (Doc. 38 at 17). However, as Huelskamp points out, courts in this circuit have repeatedly rejected such an argument. *See Cincinnati Insurance Co. v. Northwest Painting, Inc.*, 2021 WL 3142163, *9 (D. Mont. July 26, 2021) (citing *MS Amlin Corp. Member, Ltd. v.*

*Bottini*, 2020 WL 5966612, *5 (S.D. Cal. Oct. 28, 2020) (continued expenditure of defense costs insufficient to deny request for stay); *Zurich Am. Ins. Co.*, 2019 WL 570760, *6 (finding prejudice to moving party outweighs prejudice to insurer in having to pay defense costs). The theory here is that insurers are "in the business of advancing defense costs," *Northwest Painting, Inc.*, 2021 WL 3142163, *9, and can often recoup wrongfully expended defense costs from the insured. *Zurich*, 2019 WL 570760, *5.

Lastly, State Farm makes much of Huelskamp's Preliminary Pretrial Statement that the declaratory judgment is "ripe and therefore justiciable because liability has been determined in the underlying claims made by Olds against Huelskamp." (Doc. 38 at 9–10). However, the Court is not bound by Huelskamp's legal opinion. *See Bilesky v. Shopko Stores Operating Co., LLC,* 338 P.3d 76, 80–81 (Mont. 2014) (In order to constitute a binding judicial admission, the statement must "be a statement of fact, and not a statement of opinion or law.").

//
//
//
//
//
//

### IV.   CONCLUSION

Based on the foregoing,

**IT IS ORDERED** that the Motion to Stay (Doc. 31) is GRANTED. These proceedings are stayed pending a decision by the Montana Supreme Court in *Olds v. Huelskamp*, No. DA 23-0200. The parties shall notify the Court within seven days of the Montana Supreme Court's decision so that the Court may schedule a status conference.

DATED this 4th day of December, 2023.

_____
Kathleen L. DeSoto
United States Magistrate Judge